**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 22-4110

─────────────

UNITED STATES OF AMERICA,

>    Plaintiff - Appellee,

>    v.

ANTHONY RASHAD DAWSON,

>    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00180-D-1)

─────────────

Submitted:  September 8, 2022                    Decided:  September 13, 2022

─────────────

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Rashad Dawson pled guilty, pursuant to a plea agreement, to carjacking resulting in serious bodily injury and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 2119(2), possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). The district court sentenced Dawson to 540 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Dawson's trial counsel rendered ineffective assistance. In his pro se supplemental brief, Dawson also contends that counsel rendered ineffective assistance and raises additional challenges to his convictions and sentence. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Dawson's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed R. Crim. P.] 11 colloquy and the record indicates that the

2

defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Our review of the record confirms that Dawson knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions. We therefore conclude that the waiver is valid and enforceable. Although the ineffective-assistance claims fall outside the scope of the waiver, we "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the record does not conclusively show that counsel rendered ineffective assistance, we decline to consider these claims on appeal.[*] The remainder of the claims raised in Dawson's pro se supplemental brief fall within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside of Dawson's valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to the issues within the scope of the waiver. We otherwise affirm the judgment. This court requires that counsel inform Dawson, in writing, of the right to petition the Supreme Court of the United States for further review. If Dawson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

---

[*] These claims should be raised, if at all, in a 28 U.S.C. § 2255 motion. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

3

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dawson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*